## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF FLORIDA
## PANAMA CITY DIVISION

**PHROW DONNEL BLACKELL,**
    **Petitioner,**

vs.                        Case No. 5:07cv183/RS/MD

**STATE OF FLORIDA,**
    **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner commenced this action on July 25, 2007 by filing a petition for writ of error coram nobis pursuant to the All Writs Act, 28 U.S.C. § 1651(a).[1] (Doc. 1). For the reasons that follow, the petition should be dismissed for lack of jurisdiction.

In this proceeding, petitioner challenges his 1998 criminal judgment entered in the case of *State of Florida v. Phrow Donnell Blackwell*, in the Circuit Court of Escambia County, Florida, case nos. 97-2026 and 97-2027.[2] He challenges his conviction on the grounds that he "is imprisoned pursuant to an illegal prosecution," for the following reasons: (1) that "probable cause . . . dissipated prior

---

[1] A writ of coram nobis is a "procedural tool whose purpose is to correct errors of fact only, and its function is to bring before the court rendering the judgment matters of fact which, if known at time judgment was rendered, would have prevented its rendition . . . such as a valid defense existing in facts of case, but which, without negligence on defendant's part, was not made, either through duress or fraud or excusable mistake. . . ." BLACK'S LAW DICTIONARY 337 (6TH ED. 1990). Rule 60(b) of the Federal Rules of Civil Procedure formally abolished the writ with regard to civil judgments. *United States v. Beggerly*, 524 U.S. 38, 45, 118 S.Ct. 1862, 141 L.Ed.2d 32 (1998); Fed.R.Civ.P. 60(b) (both stating that writs of coram nobis were abolished by Rule 60(b)). However, the Supreme Court held in *United States v. Morgan*, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248 (1954), that the writ of coram nobis could still be pursued in the criminal context under the All Writs Act.

[2] In case no. 97-2026, petitioner was convicted upon jury verdict of three counts of sexual battery while in a position of familial or custodial authority, upon a child 12 years of age or older but less than 18 years. In case no. 97-2027, petitioner was convicted upon jury verdict of lewd, lascivious, and indecent assault upon a child under age 16. (Doc. 1, p. 1).

to the arraignment or commencement of petitioner['s] criminal proceeding; (2) that the state attorneys who prosecuted petitioner "pursue[d] a course of action whose objective is to penalize the Petitioner for the exercise of protected rights; (3) that petitioner was "convicted of a crime not charged" due to a disparity between the information and the jury verdict; (4) defense counsel failed to advise petitioner of the maximum penalties; (5) petitioner was convicted upon testimony which the prosecutor knew to be false and "repugnant to the constitution;" and (6) the trial judge abused its discretion by not excluding inadmissible hearsay statements. (Doc. 1, pp. 2-3).  As relief he seeks, among other things, to be relieved of the unconstitutional restraint on his liberty, and a declaration that his conviction and sentence are void.  (*Id.*, pp. 3-4).

Petitioner cannot obtain the relief he desires through this type of writ. Persons who are still in custody and who seek to challenge a state court's judgment on federal grounds must proceed under 28 U.S.C. § 2254, not by any other writ. *See, e.g., Pennsylvania Bureau of Correction v. United States Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 361, 88 L.Ed.2d 189 (1985) ("The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.  Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling."); *Carlisle v. United States*, 517 U.S. 416, 428-29, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996); *Felker v. Turpin*, 518 U.S. 651, 662 (1996) ("Our authority to grant habeas relief to state prisoners is limited by § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"); *see also Owens v. Boyd*, 235 F.3d 356, 360 (7th Cir. 2000) ("Persons still in custody must look to § 2254 or § 2255 for relief; they cannot use [28 U.S.C.] § 1651(a) to escape statutory restrictions on those remedies."). Because petitioner is being held in custody pursuant to the judgment of a state court, the only writ available to him to contest that custody is one of habeas corpus under 28 U.S.C. § 2254.[3]

---

[3] Of additional significance to this case, writs in the nature of coram nobis are limited to former prisoners who seek to escape the collateral civil consequences of wrongful conviction. *United States v. Morgan*, *supra*.  They are not available to those who are still in custody, as is the petitioner here.

The undersigned declines to construe the instant petition as one for habeas corpus under 28 U.S.C. § 2254 because such a petition would be a second or successive habeas corpus application requiring, prior to its filing, an order from the United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") authorizing this court to consider the application.[4]  Petitioner is well aware of this, and that is why he has attempted to use the All Writs Act instead of filing under the federal habeas statute -- he seeks to escape the statutory restrictions of federal habeas relief under 28 U.S.C. §§ 2244 and 2254.  The court takes judicial notice of its own records in *Blackwell v. Moore*, Case Number 3:02cv156/LAC/MD.  There, petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 challenging the same judgment.  The petition was denied.  (*Id.*, docs. 14, 16 & 17).  Petitioner appealed.  On May 12, 2003 the Eleventh Circuit dismissed his appeal.  (*Id.*, doc. 33).  The instant petition is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition.  (*See* doc. 2, p. 3).  This failure operates as a jurisdictional bar that precludes the district court's consideration of the merits of the petition.  *See Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002).

Accordingly, it is respectfully RECOMMENDED:

1. That the petition for writ of error coram nobis (doc. 1) be DISMISSED.
2. That all pending motions be DENIED as moot.

---

Furthermore, coram nobis has traditionally been a proceeding in a court to attack a judgment of that court for error of fact.  *United States v. Morgan, supra*.  Thus, a writ of coram nobis cannot be used to set aside the judgment of another court.  *See Wolfson v. Florida*, 184 Fed.Appx. 866 (11th Cir. June 14, 2006) ("A writ of error coram nobis is not available in federal court to directly attack a state criminal judgment.") (citing *Theriault v. State of Mississippi*, 390 F.2d 657 (5th Cir. 1968) (per curiam)); *Sinclair v. State of Louisiana*, 679 F.2d 513, 514-15 (5th Cir. 1982); *Thomas v. Cunningham*, 335 F.2d 67 (4th Cir. 1964); *Rivenburgh v. State of Utah*, 299 F.2d 842 (10th Cir. 1962).  Here, petitioner is not attacking a judgment of the United States district court, but that of a Florida state trial court.  *Compare United States v. Morgan, supra*, and *United States v. Forlano*, 319 F.2d 617 (2nd Cir. 1963), *with Gillespie v. United States*, 376 F.2d 414 (6th Cir. 1967).

4 Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Rule 9, Rules Governing Section 2254 Cases (2005); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997).

3. That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive § 2254 petition.

At Pensacola, Florida this 24th day of August, 2007.

/s/ *Miles Davis*
       MILES DAVIS
       UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  See 28 U.S.C. § 636;** *United States v. Roberts,* **858 F.2d 698, 701 (11th Cir. 1988).**